```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MONTANA
                      MISSOULA DIVISION
     _____

MICHAEL ELLENBURG                    Cause No. CV 04-62-M-DWM

          Petitioner,

     vs.                             FINDINGS AND RECOMMENDATION
                                     OF U.S. MAGISTRATE JUDGE
MIKE MAHONEY,

          Respondent.
     _____

MICHAEL ELLENBURG                    Cause No. CV 04-116-M-DWM

          Petitioner,

     vs.                             FINDINGS AND RECOMMENDATION
                                     OF U.S. MAGISTRATE JUDGE
MIKE MAHONEY,

          Respondent.
     _____
```

## I.    PROCEDURAL BACKGROUND

Pending before the Court in this consolidated action is the Petitioner's Amended Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The Petitioner is challenging his

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE  - PAGE 1

1999 forgery conviction entered in the Montana Fourth Judicial District Court, and the sentence that court imposed on him for the conviction.

The Petitioner first filed his habeas corpus petition in CV 04-62-M challenging his 1999 conviction and sentence.  On April 7, 2004, the Court concluded upon review of the petition that the Petitioner's claims were procedurally defaulted, and it ordered the Petitioner to file a brief to explain why the procedural default of his claims should be excused.

Subsequently, the Petitioner filed a second habeas petition in CV 04-116-M raising additional claims challenging the same 1999 conviction and sentence.  Accordingly, on October 28, 2004, the Court consolidated the two cases into this single action. Additionally, in the October 28 Order the Court concluded the Petitioner had not yet exhausted his state court remedies with regard to each of his habeas claims and, therefore, the Court directed the Petitioner to decide how he wished to proceed based on options available to him as explained in that Order.

The Petitioner then filed an Amended Petition on November 22, 2004, in which he elected to withdraw and abandon his unexhausted claims for relief in response to the October 28 Order.  The Court reviewed the Amended Petition and on July 14, 2005, the Court issued an Order identifying and summarizing all

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE  - PAGE 2

of the consolidated habeas claims still remaining in this case.[1] As explained in that Order, 15 of the 17 habeas claims presented in this action are procedurally defaulted. Accordingly, the Court ordered the Petitioner to file a brief by August 12, 2005, to explain why the procedural default of those 15 claims should be excused.

On July 25, 2005, the Petitioner moved for an extension of time to file his brief on the basis he would be released from prison in September 2005, after which time he could more effectively respond to the Court's Order. The Court granted him an extension of time to November 30, 2005.

The Petitioner never filed his brief as ordered. Therefore, on May 24, 2006, the Court ordered the Petitioner to show cause why this action should not be dismissed for lack of prosecution.

On May 30, 2006, the Petitioner filed a pleading advising that although he had been released from prison he had violated the conditions of his release and was returned to prison. He also advised he had not received assistance from an attorney who he thought was going to help him in this case, and he was still waiting to hear from another attorney who might provide him assistance.

In light of the Petitioner's May 30 filing, on June 6, 2006,

---

[1] July 14, 2005 Order at 5-8.

the Court ordered the Petitioner to file his procedural default brief by July 3, 2006.  On July 6, 2006, the Petitioner filed a "Motion to Avoid a Gross Miscarriage of Justice".  The Court has considered the arguments presented by the Petitioner in his July 6 filing, and enters the following Findings and Recommendations.

## II.  DISCUSSION

As discussed in the July 14, 2005 Order, most of the Petitioner's claims are procedurally defaulted and are barred from review in federal court unless the Petitioner can satisfy one of the two exceptions to the procedural default rule:

> [F]ederal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, **or** demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added). *See also High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005). Accordingly, the procedural bar to the Petitioner's claims can only be excused if he makes either a showing of both cause and prejudice, or a showing of a fundamental miscarriage of justice.

Under the cause and prejudice exception, the cause element is described as follows:

> "A showing of cause 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule.'"

*High*, 408 F.3d at 590 (citation omitted) (quoting *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986)).  Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, or constitutionally ineffective assistance of counsel.  *Murray*, 477 U.S. at 488.

The "prejudice" portion of the exception requires a finding of actual harm resulting from the alleged constitutional violation.  *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991).

Alternatively, the fundamental miscarriage of justice exception allows a federal court to review a procedurally barred claim if the petitioner can establish what the courts generally refer to as "actual innocence".  *See Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002).  A petitioner must establish "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Although the Petitioner's pleading filed on July 6, 2006, is titled "Motion to Avoid A Gross Miscarriage of Justice", the substance of the filing simply does not address either the cause and prejudice exception, or the fundamental miscarriage of justice exception.  Instead, the Petitioner argues the merits of his speedy trial habeas claim.  He argues his speedy trial rights were violated relative to his 1999 conviction, and that such

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE  - PAGE 5

violation occurred, in part, due to the ineffective assistance of his counsel. He contends his counsel failed to enforce the Petitioner's speedy trial rights, and failed to object to the delays injected by the trial court.

Upon review of the Petitioner's arguments, the Court finds they do not suggest there is any legitimate cause for the Petitioner's failure to comply with the state procedural rules applicable to his defaulted habeas claims, and the arguments do not suggest he is actually innocent of the crime for which he was convicted. Since the Petitioner has made no effort to establish either exception to the procedural bar applicable to 15 of his habeas claims, the Court concludes those claims should be dismissed. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

The Petitioner's habeas claims, identified as claims 1, 3-8, and 10-17 in the July 14, 2005 Order, are procedurally defaulted as found in that Order, and the Petitioner has not established the existence of either exception to the procedural bar applicable to those claims. Therefore, those claims should be **DISMISSED**.

The Court will proceed to address the merits of the Petitioner's claims 2 and 9, and will issue a separate order or recommendation regarding those claims as appropriate.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND
CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this  16th  day of November, 2006.

                                              /s/ Jeremiah C. Lynch
                                              Jeremiah C. Lynch
                                              United States Magistrate Judge